FILED

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2023 JUL -3 PM 12: 28

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS, FLORIDA

| United States District Court | District: MIDDLE DISTRICT |
| Name (under which you were convicted): JERRY THOMAS | Docket or Case No.: 2:23CV487 JBNPM |
| Place of Confinement : MOORE HAVEN CORRECTINAL FAC | Prisoner No.: 102444 |
| Petitioner (include the name under which you were convicted) JERRY THOMAS | Respondent (authorized person having custody of petitioner) v. SECRETARY SECRETARY FLORIDA DEPT OF CORRECTION |
| The Attorney General of the State of: ASHEY MOODY | |

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    IN THE TWENTIETH JUDICIAL CIRCUIT IN AND
    FOR CHARLOTTE COUNTY FLORIDA.

    (b) Criminal docket or case number (if you know): L.T. 13000-786 F

2.  (a) Date of the judgment of conviction (if you know): JANUARY 14th 2014

    (b) Date of sentencing: JANUARY 16th 2014

3.  Length of sentence: 20 YEARS

4.  In this case, were you convicted on more than one count or of more than one crime? ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    1. SALE OR DELIVERY OF COCAINE
    2. POSSESSION OF COCAINE
    3. POSSESSION OF PARAPHERNALA

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty          ☑ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty              ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _I PLEAD NOT GUILTY TO ALL COUNTS._

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: DISTRICT COURT OF APPEAL SECOND DCA

(b) Docket or case number (if you know): 2DCA 2D14-489

(c) Result: PER CURIAM AFFIRMED

(d) Date of result (if you know): FEBRUARY 3d 2016

(e) Citation to the case (if you know): DON'T KNOW

(f) Grounds raised: 1. WAS A FUNDAMENTAL ERROR COMMITTED.
2. WAS THE APPELLANT MOTION FOR JUDGMENT OF ACQUITAL PROPERLY DENIED.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

Page 3 of 16

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised:

_____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☑ Yes     ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: THE TWENTIETH JUDICIAL CIRCUIT CHARLOTTE

(2) Docket or case number (if you know): 13000 - 786

(3) Date of filing (if you know): APRIL 18th 2017

(4) Nature of the proceeding: POSTCONVICTION MOTION IAOC

(5) Grounds raised: 1. TRIAL COUNSEL FAILURE TO INVESTIGATE WITNESS. (2) FAILURER TO CALL JERRY THOMIS AS A WITNESS. (3) FAILURE TO CALL HENRY THOMAS AS A WITNESS. (4) MISADVISING JERRY THOMAS ON THE RIGHT TO TESTIFY OR NO TESTIFY. (5) COUNSEL FAILURE TO FILE AND OR ADOPT THE DEFENDANT MOTION FOR NEW TRIAL.

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?     ☑ Yes     ☐ No

(7) Result: DENIED SEPTEMBER 18 2019 -12-10-21

ADDITIONAL PAGE FROM (11) A
GROUNDS

(6) IMPROPER HABITUAL FELONY OFFENDER
SENTENCING.

(7) FAILURE OF TRIAL COUNSEL TO PROVIDE
DISCOVERY TO DEFENDANT.

(8) TRIAL COUNSEL FAILURE TO OBJECT TO
IMPERMISSIBLE CRIMINAL BEHAVIOR
TESTIMONY LED TO IMPROPER AND UNJUST
CONVICTION OF THE DEFENDANT.


ADDITIONAL PAGE FOR GROUNDS
ON PAGE 5 (b)
GROUND TWO AND FOUR
GROUNDS ARE CONSOLIDATED.


THE DEFENDANT ASSERTS THAT COUNSEL WAS
INEFFECTIVE FOR MISADVISING HIM CONCERNING
HIS RIGHT TO TESTIFY AT TRIAL ON BEHALF
OF HIS OWN DEFENSE BY TELLING HIM THAT
IF HE TOOK THE STAND AND TESTIFIED THAT
THE SPECIFIC NATURE OF HIS PRIOR CONVICTIONS
WOULD BE ELICITED BY THE STATE ON CROSS-
EXAMINATION AND WOULD BE USED TO SHOW
PROPENSITY TO COMMIT CRIMES AND BECAUSE
OF THIS ERRONEOUS ADVICE FROM TRIAL
COUNSEL, HE CHOSE NOT TO TESTIFY


Page 4 OF 16

ADDITIONAL GROUND  PAGES CONTINUES

GROUND SEVEN

PRIOR TO TRIAL DEFENDANT ASKED HIS TRIAL
COUNSEL TO PROVIDE HIM WITH THE
DEPOSITION TESTIMONY OF ALL WITNESSES
SO THAT HE COULD PROPERLY PREPARE FOR
TRIAL. TRIAL COUNSEL FAILED TO DO SO.

4 - OF 16

AO 241 (Rev. 09/17)

(8) Date of result (if you know): SEPTEMBER 18-2019

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: TWENTIETH JUDICIAL CIRCUIT CHARLOTTE

(2) Docket or case number (if you know): 1300 786 CF

(3) Date of filing (if you know): JULY 30 2018

(4) Nature of the proceeding: AMENDED 3,850 POSTCONVICTION

(5) Grounds raised: (1) THE DEFENDANT ASSERTS THAT HIS TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INTERVIEW OR CONDUCT AN ADEQUATE PRETRIAL INVESTIGATION OF WITNESS JENNIFER COMBS.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☑ Yes  ☐ No

(7) Result: DENIED

(8) Date of result (if you know): SEPTEMBER 4th 2019

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: 2DCA - TRANSFERRED TO 6th DCA

(2) Docket or case number (if you know): 2D21-3992 to 6D23-0189

(3) Date of filing (if you know): DECEMBER 27-2021

(4) Nature of the proceeding: REHEARING

(5) Grounds raised: THIS CASE THE JURY WASN'T ASSISTED BY THE DETECTIVES OGDEN GRIFFIN AND MUSGROVE TESTIMONY BECAUSE THEY WAS BASED ON CIRCUMSTANIAL EVIDENCE AND WAS WITHIN COMMON KNOWLEDGE OF JURORS AND THE ONLY PURPOSE OF TESTIMONY WAS TO PRESENT PREJUDICIAL MISLEADING INFERENCES TO JURY NO OFFICER WITNESS ANYTHING AT THE SALE SITE.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes    ☑ No

(7) Result:  DENIED

(8) Date of result (if you know):  JUNE 12 - 2023

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ❏ Yes    ☑ No

(2) Second petition:   ❏ Yes    ☑ No

(3) Third petition:    ❏ Yes    ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

I WAS REPRESENTED BY STEVEN S. LESKOVICH ESQ ON DIRECT APPEAL AND POST COVICTION MY TIME

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE:  APPELLANT WAS NOT AFFORDED A FAIR TRIAL AND IMPARTIAL DUE TO HARMFUL THAT WAS FUNDAMENTAL,

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

APPELLANT DIDN'T OBJECT TO OGDEN, MUSGROVE or GRIFFIN TESTIMONY REGARDING VOICE RECOGNITION AND IDENTIFICATION OF DRUG DEALER BEHAVIOR OR COMMON PRACTICE OF DRUG DEALER AND OVER APPELLANT OBJECTION BASE ON THE BEST EVIDENCE RULE AGENTS TESTIFIED THAT THEY WERE ABLE TO RECOGNIZE APPELLANT VOICE

(b) If you did not exhaust your state remedies on Ground One, explain why:  DUE TO MY ATTORNEY BEING MY DIRECT APPEAL AND POST CONVICTION, HE DIDNT ADVISE ME OF MY STATE REMEDIES THAT WAS AVAILABE TO ME

THIS PAGE CONTINUE FROM PAGE #6
(D) THE REASON WHY I DIDN'T
APPEAL TO A HIGHER STATE COURT.

EXPIRED BECAUSE MY ATTORNEY
STEVEN LESKOVICH DIDN'T ADVISE
ME OF EXHAUST MY AVAILABLE STATE-
COURT REMEDIES. HE WAS MY
COUNSEL FOR MY DIRECT APPEAL
AND POST CONVICTION 3,850 MOTION
THAT BLOCK ME FROM ACCESSING THE
COURTS.

CONTINUE FROM PAGE 6-OF 16

## SUPPORTING FACTS

VIA PHONE CALL ON SPEAKER BETWEEN
COMBS AND APPELLANT BECAUSE OF PRIOR
DEALINGS WITH THOMAS (T. 121 157 -162
ADDITIONALLY AND WITHOUT OBJECTION
FROM THOMAS AGENTS TESTIFIED THAT
THOMAS BEHAVIOR OF NOT LETTING GRIFFIN
INTO THE HOUSE AND PRESENT FOR THE
TRANSACTION IS TYPICAL OF DRUG DEALERS
BECAUSE THEY DON'T WANT OTHERS TO
KNOW WHO THEY ARE (T- 231
COMBS-CT COULDN'T TELL THE COURT
WHAT NUMBER SHE CALL.
BEST EVIDENCE RULE DON'T ALLOW
THE COURT OR AGENTS TO STATES WHAT
ON TAPE. ITS THE JURORS JOB
TO DECIDE WHATS ON THE TAPE.

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   DISTRICT COURT OF APPEAL 2 DCA

Docket or case number (if you know):   2D14-489

Date of the court's decision:   FEBRUARY 3 2016

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:** WAS THE APPELLANTS MOTION FOR JUDGMENT OF ACQUITAL PROPERLY DENIED

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE APPELLANTS MOTION FOR JUDGMENT OF ACQUITAL WAS DENIED BECAUSE HIS DEFENSE COUNSEL MADE A BARE BONE ARGUMENT FOR JUDGMENT OF ACQUITAL, THE STATE HAD INSUFFICIENT EVIDENCE TO CONVICT APPELLANT. THE EVIDENCE FAILED TO ESTABLISH A PRIMA FACIE CASE OF GUILT.

(b) If you did not exhaust your state remedies on Ground Two, explain why: MY ATTORNEY STEVEN LESKOVICH WAS REPRESENTING ME ON MY APPEAL HE DIDN' ADVISE ME OF EXHAUSTING AVAILABE STATE-COURT REMEDIES

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes    ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

_____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: DISTRICT COURT OF APPEAL SECOND DISTRICT

Docket or case number (if you know): 2D14-489

Date of the court's decision: FEBRUARY 3- 2016

Result (attach a copy of the court's opinion or order, if available): DENIED

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Two:

_____

_____

**GROUND THREE:** FAILURE OF TRIAL COUNSEL TO PROVIDE DEPOSITION DISCOVERY TO DEFENDANT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

TRIAL COUNSEL FAILED TO PROVIDE THE DEFENDANT WITH ALL OF THE DISCOVERY THE AFOREMENTIONED CASE. AS A RESULT OF NOT HAVING HIS DISCOVERY THE DEFENDANT WAS NOT PROPERLY ABLE TO ASSIST TRIAL COUNSEL AND WAS NOT ABLE TO REVIEW

CONTINUE GROUND THREE
PAGE 9 OF 16

DEPOSITION DISCOVERY TO ASSIST IN
HIS OWN DEFENSE. BUT FOR THIS
DEFICIENT NON-DISCLOSURE OF
DEPOSITION DISCOVERY TO DEFENDANT
TRIAL COUNSEL COULD NOT HAVE BEEN
PROPERLY PREPARED FOR TRIAL THUS
NOT AFFORDING THE DEFENDANT A FAIR
TRIAL.
THE POST CONVICTION COURT FOUND IN
APPELLANT'S ORIGINAL RULE 3,850 MOTION
PREPARED AND FILED BY PRIVATE ATTORNEY
STEVEN S. LESKOVICH, THAT GROUND SEVEN
IS ALMOST ENTIRELY CONCLUSORY IN
THAT IT DOES NOT GIVE SPECIFICITY AS TO
WHAT DISCOVERY MATERIAL APPELLANT
SHOULD HAVE OR HOW IT WOULD HELP
TRIAL COUNSEL TO BE BETTER PREPARED
FOR TRIAL AND THIS CONCLUSORY NATURE
RENDER THIS GROUND FACIALLY
INSUFFICIENT. AND THERE FOR DISMISSED
GROUND 7 WITH LEAVE TO FILE AN
AMENDED AND FACIALLY SUFFICIENT 3,850
MOTION AS TO... GROUND 7 WITHIN SIXTY (60)
DAYS OF DATE THIS ORDER RENDERED
THERE AFTER, ATTORNEY LESKOVICH DID
NOTHING PROMPTING DEFENDANT TO
FILE AN OUT OF TIME PROSE AMENDED
RULE 3,850 TO PREVENT A DENIAL

### CONTINUE GROUND THREE

OF HIS CLAIMS, AND AS TO GROUND 7
ALLEGING, IN SUBCLAIM TWO OF GROUND
7 THAT BECAUSE WAS NOT PROVIDED WITH
THE DEPOSITION OF DETECTIVE ERIC
OGDEN AND DETECTIVE MICHAEL GRIFFIN.
THAT HE WAS NOT AWARE THAT THERE WAS
" AUDIO RECORDING OF THE DRUG TRANSATION
AT ISSUE, AND THAT IF HE HAD LISTEN TO
THE RECORDING " HE WOULD HAVE REQUESTED
HIS TRIAL COUNSEL TO HAVE AN EXPERT
VOICE EXEMPLAR. FOR COMPARISON OF HIS
VOICE, SEE POSTCONVICTION TRANSCRIPTS
CASE NO 2D19-3830

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: *THIS GROUND JUST GOT DENIED HT CASE NO 2D21 3992*

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes  ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☑ Yes  ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: *3.850 MOTION*

    Name and location of the court where the motion or petition was filed: *IN THE TWENTIETH JUDICIAL CIRCUIT CHARLOTTE COUNTY FL*

    Docket or case number (if you know): *13000 786 F*

    Date of the court's decision: *DECEMBER 10 2021*

    Result (attach a copy of the court's opinion or order, if available): *DENIED*

    (3) Did you receive a hearing on your motion or petition?  ☑ Yes  ☐ No

    (4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: *SECOND DISTRICT COURT OF APPEAL*

    Docket or case number (if you know): *2D21 3992*

    Date of the court's decision: *TRANFER 6 DCA MAY 30 2023*

    Result (attach a copy of the court's opinion or order, if available): *PER CURIAM AFFIRMED*

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:**   TRIAL COUNSEL FAILURE TO OBJECT TO IMPERMISSIBLE CRIMINAL BEHAVIOR TESTIMONY LED TO IMPROPER CONVICTION

(a) Supporting facts (Do not argue or cite law, Just state the specific facts that support your claim.):

TRIAL COUNSEL MARK DE SISTO FAILURE TO OBJECT TO IMPERMISSIBLE CRIMINAL BEHAVIOR TESTIMONY LED TO THE IMPROPER AND UNJUST CONVICTION OF THE DEFENDANT, IN THE INSTANT CASE NO AGENT ACTUALLY OR VISUALLY WITNESSED ANY DRUG TRANSACTION BETWEEN THE DEFENDANT AND THE C.I.

(b) If you did not exhaust your state remedies on Ground Four, explain why:   THIS GROUND WAS JUST RULE ON BY SIXTH DCA MAY 30-2023. 6D23-189  LT NO-13-786 TRANSFERRED FROM 2 DCA

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   3,850 MOTION

CONTINUE GROUND FOUR
FROM PAGE 11 OF 16

ADDITIONALLY NO AGENT OR OFFICER
ACTUALLY OR VISUALLY WITNESSED THE
DEFENDANT PRESENT AT THE SALE
LOCATION. THE ENTIRE CASE RESTED
WITH TESTIMONY ABOUT KNOWN
CRIMINAL BEHAVIORS AND PRIOR
DEALINGS WITH THE DEFENDANT.
DETECTIVE OGDEN TESTIFIED THAT
HE KNEW THE VOICE ON THE OTHER
END OF THE PHONE BELONGED TO
JERRY THOMAS. ERIC OGDEN WHO WAS
NOT AN EXPERT VOICE EXENDLAR AND
NOT QUALIFIED TO OFFER TESTIMONY
THAT HE RECOGNIZED THOMAS VOICE
ON AUDIO RECORDING WAS ADMITTED
INTO EVIDENCE WITH OUT ANY
OBJECTION FROM COUNSEL.
THE FACT THAT OGDEN SAID THAT
HE HAD MET (CONTACT) WITH THOMAS
IN THE PAST AND HAD SPOKE WITH HIM
CREATED A PREJUDICIAL INFERENCE
THAT THOMAS HAS A PRIOR CRIMINAL
HISTORY, WERE SOLEY ~~RELEA~~ RELEVANT
TO ESTABLISH BAD CHARACTER AND
INADMISSIBLE TRIAL TRANSCRIPTS (PAGE
NO. 121 - 122 )
TO FURTHER EMBARK ON THIS MATTER
DETECTIVE TESTIMONY ABOUT —

CONTINUE FROM GROUND FOUR.
KNOWN CRIMINAL BEHAVIORS AND
DETECTIVE MUSGROVE ARE ALSO
INADMISSIBLE AS SUBSTANTIVE PROOF
OF THOMAS'S GUILT, BECAUSE A
DEFENDANT HAS THE RIGHT TO BE
TRIED BASE ON THE EVIDENCE
AGAINST HIM, NOT ON THE CHACTERISTICS
OR GENERAL BEHAVIOR OF CERTAIN
CLASSES OF CRIMINALS IN GENERAL.
(SEE TRANSCRIPT 127-128 ALSO
PAGES 152-153-154

## GROUND FIVE

THE STATE ATTORNEY KATHRYN HORST
VIOLATED THE BEST EVIDENCE RULE
CONCERNING THE AUDIO RECORDING
OF DRUG SALE.

THIS ARGUMENT WAS PRESERVED FOR
APPEAL, BUT MY ATTORNEY STEVEN
LESKOVICH FAILED TO ARGUE IT
ON APPEAL BRIEF.
MY TRIAL ATTORNEY OBJECTED TO
IT ON DIFFERENT OCCASSION, BUT
THE JUDGE OVER RULE IT.
    NOW IN BRINGING IT TO THIS
COURT FOR REVIEW.
NOW IN ARGUING THAT THE TRIAL
COURT ERRED IN OVERRULING HIS
OBJECTION TO STATE ATORNEY
TESTIMONY CONCERNING THE CONTENTS
OF THE AUDIO RECORDING. THE
TESTIMONY VIOLATED THE BEST
EVIDENCE RULE THEREFORE
INADMISSIBLE. FUTHER THE CONTENTS
OF THE AUDIO RECORDING WERE MATTERS
DIRECTLY IN ISSUE, AND PREDJUDICE
THOMAS, IT'S UP TO THE JURY TO DECIDE
WHO'S ON THE TAPE AND WHO'S TALKING.
STATE ATTORNEY IS NOT ALLOW TO
STATE WHAT'S ON THE TAPE, (SEE
TRANSCRIPT PAGES 159 - 161

IN CLOSING ARGUMENTS THE STATE
ATTORNEY WAS ALLOWED TO TELL
THE JURY ABOUT WHAT SHE THINKS
ON THE TAPE, ONLY A QUALIFIED
EXPERT CAN TALK ABOUT WHATS ON
THE TAPE, MS HORST WASN'T DEEAN
A EXPERT.(SEE TRANSCRIPTS PAGES
251 - 254.
THE JURY LISTEN TO THE TAPE
ON THREE DIFFERENT OCCASSION.
THEY DIDN'T NEED THE STATE'S
IN PUT.
I'M PRAYING THAT THIS COURT
REVIEW THIS GROUND.

## GROUND SIX

THE COURT COMMITTED REVERSIBLE ERROR IN OVERRULING EACH AND EVERY OBJECTION MADE BY DEFENDANT THAT WAS OVERRULED

## GROUND SEVEN

THE COMPETENT EVIDENCE, IF ANY INTRODUCED BY STATE OF FLORIDA IS NOT INCONSISTENT WITH DEFENDANT'S INNOCENCE AND THEREFORE, TO PERMIT A CONVICTION UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE THE PROVISION OF HEAD. THE COURT STATED IN HEAD " IT IS NOT ENOUGH THAT THE EVIDENCE CREATE A STRONG POSSIBILITY OF AND BE CONSISTENT WITH GUILT, SUCH EVIDENCE MUST ALSO BE INCONSISTENT WITH THE INNOCENCE

## GROUND EIGHT

THE CIRCUMSTANTIAL EVIDENCE PRESEN-
TED BY THE STATE OF FLORIDA IN THIS
CASE WHOLLY FAILED, IN THAT THE
EVIDENCE IN ITS ENTIRETY WAS NOT
SUFFICIENT TO SHOW THE DEFENDANT
AND NO ONE ELSE COMMITTED THE
CHARGED OFFENSE.
THE STATE IMPROPERLY RELIED ON
CIRCUMSTANIAL EVIDENCE TO CONVICT
THOMAS, IN ORDER FOR A DEFENDANT
TO CONVICTED BASED ON CIRCUMSTANIAL
EVIDENCE, THE STATE'S EVIDENCE
MUST BE SUFFICIENT TO ENABLE THE
JURY TO EXCLUDE EVERY HYPOTHESIS
OF INNOCENCE, GIVING THE FACT
THAT NO AGENT OR OFFICER
WITNESS DRUG TRANSACTION,

## GROUND NINE

THE TRIAL COURT ABUSED IT'S DISCRETION
IN SUBSTAINING THE STATE ATTORNEY
OBJECTIO ABOUT THE AMOUT OF COCAINE
THAT WAS TURN TO EVIDENCE AND
GIVING THE JURY THE WRONG
IMFORMATION ABOUT WHAT HE THOUGHT
THE AMOUNT WAS, GIVING FALSE
IMFORMATION ON THE CURATIVE
INSTRUCTION.

THE PETITIONER'S DUE PROCESS
RIGHTS WAS VIOLATED WHEN THE
TRIAL COURT DIDN'T GIVE THE
JURY THE CORRECT IMFORMATION
CONCERNING THE AMOUNT OF
DRUGS THAT WAS TURN IN TO
EVIDENCE ROOM. (SEE TRANSCRIPTS
PAGES 284-289 DURING CLOSING
ARGUMENTS.
DETECTIVE DAVID MUSGROVE TESTIFIED
THAT IT WAS 0.7 GRAMS THAT WAS
BOUGHT DURING THE PURCHASE. SEE
PAGE 142 OF TRANSCRIPTS. ALSO ON
PAGE 164 DETECTIVE Michael GRIFFIN
TESTIFIED THAT 0.7 GRAMS IS WHAT
WAS BOUGHT. WHAT HAPPEN TO 0.4
GRAMS THAT WAS MISSING ONLY
0.3 WAS SENT TO FDLE? SEE
ATTACHED EXIFIBITS.

## GROUND TEN

PETITIONER'S ATTORNEY MARK DE SISTOS FAILED TO ARTICULATE THE LEGAL GROUNDS IN A MOTION FOR JUDGMENT OF ACQUITTAL CAUSING PETITIONER'S GROUNDS TO BE WAIVED

THE PETITIONER ASKED FOR JUDGMENT OF ACQUITTAL BASED ON THE ARGUMENT THAT STATE FAILED TO PROVIDE SUFFICIENT EVIDENCE THAT HE ACTUALLY PARTICIPATED IN THE DRUG TRANSACTION. PETITIONER'S ATTORNEY MADE A BOILERPLATE MOTION FOR JUDGMENT OF ACQUITTAL THEREFORE NOT PRESERV- ING ANY ISSUE REGARDING THE MOTION FOR JUDGMENT OF ACQUITTAL FOR APPELLATE REVVIEW IN SO DENYING PETITIONER'S RIGHTS TO EFFECTIVE COUNSEL AND DUE PROCESS RIGHTS. THAT PREDJUDICE HIM TO A FAIR REVIEW. TO BE PRESERVED FOR APPEAL IT MUST BE PRESENTED TO LOWER COURT AND THE SPECIFIC LEGAL ARGUMENT OR GROUND TO BE ARGUED ON APPEAL MUST BE PART OF THAT PRESENTATION IF IT'S TO BE CONSIDERED PRESERVED.

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _THE_
_TWENTIETH JUDICIAL CIRCUIT CHARLOTTE_

Docket or case number (if you know): _13-786 CF_

Date of the court's decision: _SEPTEMBER 18TH 2019_

Result (attach a copy of the court's opinion or order, if available): ~~DENIED~~
_DENIED_

---

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _IN THE DISTRICT COURT_
_OF APPEAL OF FLORIDA SECOND DISTRICT_

Docket or case number (if you know): _CASE NO 2D19-3830_

Date of the court's decision: _JANUARY 22 2021 OPINION!_

Result (attach a copy of the court's opinion or order, if available): _REMAND_
_BACK TO POST CONVICTION COURT TO_
_ADDRESS SUBCLAIM 2 OF GROUND 8·_
_PER CURIAM AFFIRM! 6 DCA MAY 30-2023_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☑ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: GROUNDS ONE TWO THREE FOUR FIVE SIX SEVEN EIGHT NINE AND TEN

    (b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: GROUNDS FIVE SIX SEVEN EIGHT NINE AND TEN

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

CONTINUE FROM PAGE 13   13 (A)

THE REASON WHY GROUNDS ONE AND
WASN'T PRESENTED TO HIGHEST COURT
HAVING JURISDICTION IS BECAUSE MY,
ATTORNEY STEVEN LESKOVICH DIDN'T
ADVISE ME OF THE TIME LIMITATION
ALSO HE WAS MY POST-CONVICTION
~~TORAL~~ ATTOREY.
GROUNDS THREE AND FOUR WAS
STILL PENDING IN THE 2DCA AND
TRANSFERRED TO THE SIXTH DCA
AND AFFIRM MAY 30-2023.
THE REMAINDER OF GROUNDS WAS
NEVER FILE IN ANY COURT BECAUSE
MY APPEAL ATTORNEY STEVEN
LESKOVICH FAILED TO DO AS I ASKED
HIM TO. HE ONLY PUT TWO GROUNDS
IN FOR MY APPEAL. I WANTED
TO FILE INEFFECTIVE APPELCATE
COUNSEL BUT HE WAS MY COUNSEL
FOR POST-CONVICTION TO.

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:  MARK C. DE SISTO   1475
COLLINGSWOOD  BLVD  SUITE A  PORT CHARLOTTE FL 33948

(b) At arraignment and plea:  MARK C. DE SISTO  1475
COLLINGSWOOD  BLVD  Suite A  Port Charlotte F 33948

(c) At trial:    MARK C. DE SISTO  1475 COLLINGSWOOD
BLVD  SUITE A  PORT CHARLOTTE  FL   33948

(d) At sentencing:  MARK C. DE SISTO   1475
COLLINGSWOOD  BLVD  SUITE A  PORT CHARLOTTE  33948

(e) On appeal:    STEVEN S. LESKOVICH  265 MARION  AVE
SUITE 112  PUNTA GORDA  FL 33950

(f) In any post-conviction proceeding:    STEVEN S. LESKOVICH  265
MARION AVE  PUNTA GORDA  FL  33950

(g) On appeal from any ruling against you in a post-conviction proceeding:    STEVEN
S. LESKOVICH  265 MARION AVE
SUITE 112  PUNTA GORDA  FL 33950

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐  Yes      ☑  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐  Yes      ☐  No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

UNDER THE SUBSECTION (2)  THE
TIME DURING WHICH A PROPERLY FILED
APPLICATION FOR STATE POST-CONVICTION or
OTHER COLLATERAL REVIEW WITH
RESPECT TO THE PERTINENT JUDGMENT

Page 14 of 16

AO 241 (Rev. 09/17)

OR CLAIM IS PENDING SHALL NOT BE
COUNTED TOWARD ANY PERIOD OF
LIMITATION UNDER THIS SUBSECTION
IN THIS CASE THE POST-CONVICTION
3,850 MOTION WAS PER CURIAM
AFFIRMED MAY 30 2023 AND THE
REHEARING WAS DENIED
JUNE 12 2023 CASE NO! 6D23-0189
LT. NO! 13-786CF

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _NEW TRIAL_
_OR DISMISS THE CASE ANYTHING THAT_
_THIS COURT DEEMS PROPER AND JUST_
or any other relief to which petitioner may be entitled.

_Jerry Thomas_
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _June 30 2023_ (month, date, year).

Executed (signed) on _June 30th 2023_ (date).

_Jerry Thomas_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

Page 16 of 16